## ROBINSON v. McGINTY.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. PARTNERSHIP—DISSOLUTION—ACCOUNTING—JUDGMENT.

In a suit for the dissolution of a partnership and for an accounting, plaintiff could not recover a money judgment for the price of his half interest in the partnership, which he testified he had sold defendant at an agreed price.

2. SAME—EVIDENCE—SUFFICIENCY.

In a suit for the dissolution of a partnership and for an accounting, it appeared that all the proceeds of the business of the partnership had been received by plaintiff, and that when the business was discontinued defendant had possession of a part of the property used in the business which had been contributed by him, and which he sold for less than one-third of the price which he had paid for it. There was no showing that defendant could have obtained a greater price for the property, and there was evidence that, though the parties were to contribute equally to the capital, defendant had furnished more than plaintiff. *Held*, that nothing was due plaintiff on an accounting.

3. SAME.

In a suit for the dissolution of a partnership and for an accounting, plaintiff's testimony that he had sold his interest in the partnership to defendant at an agreed price was uncorroborated, and was contradicted by letters written by plaintiff at about the time of the alleged sale and by defendant's testimony. Plaintiff had previously brought an unsuccessful action against defendant, in which he alleged that the amount he had contributed to the partnership, which was the same as the price plaintiff alleged defendant had agreed to pay, was a loan to defendant.

*Held,* that a judgment for plaintiff for the price of the alleged sale was against the weight of the evidence.

Appeal from Special Term, New York County.

Action by David Robinson against Joseph McGinty. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Jacob Marks, for appellant.
Joseph J. Bach, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff and defendant were copartners, each contributing the sum of $150 to the capital of the copartnership; that the business continued from the 12th of June, 1896, to the 3d of August, 1896, when the copartnership was dissolved, as it was not profitable, and that the defendant took possession of the copartnership property, including the capital contributed by both partners; that thereafter the plaintiff demanded of the defendant his one-half share of the assets of said firm, which the defendant refused and still refuses to deliver; and the judgment asked for is that the copartnership be dissolved and an account taken between the partners. The answer admits the copartnership, and alleges that the defendant had paid for the purposes of said business over $200 in excess of his share of capital contributed by him, and that the total amount paid by defendant for the purpose of carrying on said business and payment of debts exceeded $500, which exhausted all the capital of the plaintiff, and left him indebted to the defendant, and sets up a counterclaim against the plaintiff.

The court found the formation of the copartnership and the contribution of the capital; that on August 3, 1896, the plaintiff and the defendant gave up the business, and the defendant agreed to take over the entire assets of said firm, which were then of the value of $300, and that the said copartnership had not sustained nor suffered any losses and had not derived any profits from said business; that the defendant did take over into his possession all of the assets of said firm, and agreed to pay the plaintiff the sum of $150, less the sum of $3.63, which had already been withdrawn by the plaintiff, and that the defendant had since that time had exclusive possession of the assets of said firm; and the court awarded judgment against the defendant for the sum of $146.37, with interest thereon from the 3d day of August, 1896.

The plaintiff testified to an agreement with the defendant by which the defendant agreed to take the property of the copartnership, and to pay the plaintiff the sum of $150, less $3.63. The defendant moved to strike out this testimony upon the ground that this is not an action to recover the price of any interest which the witness might have had. That motion was denied, and the defendant excepted. The defendant introduced on cross-examination letters from the plaintiff written in August, 1896, the last one dated August 10th, the date on which the court found this agreement was made, which would seem to be entirely inconsistent with this evidence of the plaintiff. It was

also proved that the plaintiff had sued the defendant in the Municipal Court to recover the amount of money which he now alleges he had contributed as capital, as a loan to the defendant, which action resulted in a judgment for the defendant. The defendant then proved that he went into this business with the plaintiff; that he contributed his proportion of the capital by the purchase of a horse, wagon, and harness for the copartnership; that he purchased beer, which was used in the business, for which he paid the sum of $189; that after the dissolution of the copartnership he sold the horse and wagon for $55, and subsequently allowed the wagon that he had purchased for the business to be taken by the person with whom it had been stored for the amount of the storage, as it was impossible to sell it; and that this was all the money that he had received from the assets of the copartnership. He denied making any agreement with the plaintiff to repay him the money that he had contributed, and testified that on an accounting between them the plaintiff was indebted to him in an amount over and above his contribution to the copartnership.

There was no substantial denial of this evidence, and it would appear that the plaintiff had received all the proceeds realized from the business. The plaintiff testified that some of the beer was taken by the defendant and used in his business, but this the defendant denies.

The action being for an accounting between partners, there was nothing to justify a recovery upon any special contract as that upon which the court awarded a judgment in favor of the plaintiff, and it is clear that upon an accounting the plaintiff was not entitled to any judgment. So far as appears, he had received the proceeds of all the goods that had been sold, and all that the defendant had received was the $55 realized from the sale of the horse and wagon. There was nothing to show that this horse was worth any more than the defendant sold it for, or that anything else could have been realized from this business than was realized by him. The defendant seems to have paid several hundred dollars more than the plaintiff in the business, and it is evident that on an accounting nothing was due to the plaintiff. There was nothing, therefore, to justify a judgment in favor of the plaintiff.

Assuming, however, that the action could be maintained as one to recover the amount that the defendant had agreed to pay to the plaintiff upon a dissolution of the business, a judgment for the plaintiff upon this record would be against the weight of evidence. The plaintiff's testimony as to this understanding with the defendant, by virtue of which he was to be entitled to receive $150, is entirely uncorroborated. It is contradicted by the letters that he wrote about the time the alleged agreement was made, and is entirely inconsistent with the action brought to recover the $150 as a loan to the defendant. What the plaintiff demanded was an accounting between the partners. Upon such an accounting, it is clear that the plaintiff would, not be entitled to recover anything. It seems to us from this record that the plaintiff was not entitled to recover, and that the judgment against the defendant cannot be sustained.

It follows that the judgment appealed from should be reversed,

and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, new trial ordered, costs to appellant to abide event. All concur.